IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JENNIFER LAROCQUE, et al.                )
                                          )
v.                                        ) NO. 3-10-0787
                                          ) JUDGE CAMPBELL
BAC HOME LOANS SERVICING, et al.          )

MEMORANDUM

Pending before the Court is Plaintiffs' Motion to Remand (Docket No. 23). For the reasons stated herein, Plaintiffs' Motion is GRANTED, and this case is remanded to the Chancery Court for Davidson County, Tennessee.

FACTS

Plaintiffs' claims arise from the alleged wrongful foreclosure on property owned by the Plaintiffs in Nashville, Tennessee. This action was originally filed in the Chancery Court for Davidson County, Tennessee, alleging state law causes of action against Defendants for breach of contract, violation of the Tennessee Consumer Protection Act, breach of the covenant of good faith dealings, fraud, and wrongful foreclosure. Complaint (Docket No. 1).

Defendant BAC Home Loans Servicing removed the state court action to this Court, claiming diversity of citizenship of the parties creating jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiffs have moved to remand the action to state court, pursuant to 28 U.S.C. ¶ 1447(c), based upon the admitted Tennessee citizenship of Defendant Nationwide Trustee Services, Inc.

Defendants concede that if the citizenship of Nationwide is considered, then Nationwide's presence as a Defendant destroys complete diversity because the Plaintiffs and Nationwide are both

Tennessee citizens. Docket No. 25, p. 3. Defendants argue, however, that the citizenship of Nationwide should be ignored because Nationwide is a mere nominal or formal party to this action.

## MOTION TO REMAND

Federal courts have original jurisdiction over civil actions between citizens of different states when the matter in controversy exceeds $75,000. 28 U.S.C. § 1332. Diversity jurisdiction cannot exist unless the plaintiffs are citizens of different states from the defendants. *Johnson v. Hill Brothers Transportation, Inc.*, 262 F.Supp.2d 889, 890-91 (E.D. Tenn. 2003). However, the citizenship upon which the diversity is claimed must be of plaintiffs and defendants who are real and substantial parties to the controversy. *Id*. at 891. Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy. *Id*.

The burden of establishing federal jurisdiction is upon the Defendants as the removing parties. *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 948-49 (6th Cir. 1994). Removal statutes, moreover, are strictly construed. *Id*. at 949.

Here, Defendants claim that Nationwide, as the substitute trustee, is a nominal party only, citing *Dempsey v. Transouth Mortgage Corp.*, 88 F.Supp.2d 482 (W.D. N.C. 1999). In *Dempsey*, the court held that a substitute trustee was a nominal party at best. *Id*. at 484. There, however, the complaint contained no allegations concerning the substitute trustee beyond the allegation of its citizenship. *Id*. Finding that the complaint contained no factual allegations against the substitute trustee, the court in *Dempsey* held that it appeared the substitute trustee may have been joined solely to defeat diversity jurisdiction. *Id*

In this case, Plaintiffs' Complaint makes numerous allegations against Defendant Nationwide. For example, Plaintiffs assert that Nationwide was appointed to conduct the foreclosure

2

(Complaint, ¶ 17), sent an erroneous notice to Plaintiffs (*Id*., ¶ 18), improperly sent a Foreclosure Notice setting the time for the foreclosure (*Id*., ¶ 19), sold the property at the foreclosure sale (*Id*., ¶ 23), filed the deed to the property (*Id*., ¶ 25), violated the deed of trust because it had no authority to foreclose (*Id*., ¶ 28), further violated the deed of trust by failing to give proper notice (*Id*., ¶ 29), breached the loan contract by, among other things, failing to give proper notice of the foreclosure (*Id*., ¶¶ 34-35) and wrongfully foreclosed on Plaintiffs' property (*Id*., ¶ 43).

Whether Plaintiffs can establish their state law claims against Nationwide is not the question here. The question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved. *Alexander*, 13 F.3d at 949. All doubts as to the propriety of removal are resolved in favor of remand. *Kiesgen v. St. Clair Marine Salvage, Inc.*, 724 F.Supp.2d 721, 725 (E.D. Mich. 2010).

The Court finds that Nationwide is not a mere nominal party in this action. Plaintiffs have set forth real and substantial allegations against Nationwide, and neither those claims nor Defendant Nationwide can be ignored. Accordingly, there is not complete diversity of citizenship and this Court has no jurisdiction to hear this case.

## CONCLUSION

For these reasons, Plaintiffs' Motion to Remand (Docket No. 23) is GRANTED, and this action is remanded to the Chancery Court for Davidson County, Tennessee.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE